1

2

3

4

5      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF WASHINGTON
6

7   JOSE FRANCISCO GARCIA,

8                    Plaintiff,                NO:  12-CV-3104-TOR

9        v.                                    ORDER DENYING DEFAULT
                                               JUDGMENT AND NOTING
10  LEWIS NEHEMIAH, et al.,                    PLAINTIFF'S JURY DEMAND

11                   Defendants.

12      **BEFORE THE COURT** is Plaintiff's Motion for Default Judgment dated

13  December 17, 2012. ECF No. 32.  Additionally before the Court is Plaintiff's

14  Motion for Jury Demand dated December 28, 2012.  ECF No. 34.  The Court has

15  considered both motions without oral argument and is fully informed.

16                      MOTION FOR DEFAULT

17      The Court entered an Order dated October 16, 2012, directing service of the

18  Complaint on the above named Defendants. ECF No. 17.  The waiver of service

19  and United States Marshal Service Process Receipt and Return all show that the

20
    ORDER DENYING DEFAULT JUDGMENT AND NOTING PLAINTIFF'S
    JURY DEMAND -- 1

Defendants accepted service by mail and therefore were entitled to 60-days within

which to answer or otherwise plead to the Complaint.  See ECF Nos. 24, 25, 26,

27, 28 and 29.  Defendants filed their Answer within that 60-day period, on

December 17, 2012.  ECF No. 31.  Accordingly, Plaintiff's motion for default

judgment is unsupported by the record and denied as moot.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P. 38, a party may demand a jury trial on all issues so

triable – "no later than 14 days after the last pleading directed to the issue is

served."  Rule 38(b).  A written demand served on the opposing parties is

required, not a motion.  *Id.* This right is waived if a party fails to properly serve

and file its demand for a jury trial.  Fed. R. Civ. P. 38(d).

In this case, a written demand has clearly been made within 14 days after the

last pleading directed to the issue, that being within 14 days after the answer was

filed on December 17, 2012.  *See* ECF No. 35 showing the mailing of ECF No. 34

on December 28, 2012; *see Lutz v. Glendale Union High School,* 403 F.3d 1061,

1063 (9th Cir. 2005) (recognizing plaintiff had 10 days after she was served with

defendant's answer to demand a jury trial).  The 2009 amendment to Rule 38 now

allows 14 days within which to file a written demand.  Under the "prison mailbox

rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a document may be construed as

filed on the date it was submitted to prison authorities for mailing.  Irrespective of

ORDER DENYING DEFAULT JUDGMENT AND NOTING PLAINTIFF'S
JURY DEMAND -- 2

when Plaintiff's jury demand was delivered to prison authorities, it bears a timely

postmark of December 28, 2012.

However, the record does not show whether Plaintiff served the Defendants

as Rule 38 requires.  By Order dated October 16, 2012, this Court cautioned

Plaintiff that he was required to serve Defendants' attorney with every pleading

and was required to file a certificate of service stating that he mailed a copy of

every pleading to Defendants' attorney.

> Plaintiff shall serve upon Defendants, or if appearance has been
> entered by counsel, upon their attorney, a copy of every further
> pleading or other document submitted for consideration by the Court.
> He shall include, with the original paper to be filed with the District
> Court Executive, a certificate stating the date a true and correct copy
> of any document was mailed to the Defendants or to their counsel.
> Any paper received by a District Judge or Magistrate Judge which has
> not been filed with the District Court Executive or which fails to
> include a certificate of service will be disregarded by the Court.

Order Directing Service, ECF No. 17 at 5.  Accordingly, absent a certificate of

service showing Plaintiff served Defendants' attorney, his jury demand will be

disregarded by the Court.

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Default Judgment, ECF No. 32, is **DENIED** as

    moot.

2.  Plaintiff's Motion for Jury Demand, ECF No. 34, is **DENIED as**

    **unnecessary to invoke his jury trial right** but is noted for the record.

ORDER DENYING DEFAULT JUDGMENT AND NOTING PLAINTIFF'S
JURY DEMAND -- 3

1    Absent prompt submission of proof of service upon Defendants, the

2    Court will disregard Plaintiff's jury demand.

3    The District Court Executive is directed to enter this Order and forward

4    copies to the parties.

5    **DATED** this 15th day of January, 2013.

6    _s/ Thomas O. Rice_
     THOMAS O. RICE

7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFAULT JUDGMENT AND NOTING PLAINTIFF'S
JURY DEMAND -- 4