UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE FRANCISCO GARCIA,<br><br>      Plaintiff,<br><br>  v.<br><br>NEHEMIA LEWIS, ANDREW SWAN and GREGORY CHAPPELL, in their official and individual capacities,<br><br>      Defendants. | NO: 12-CV-3104-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 59). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, asserts claims under 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

Amendments arising from an altercation between Plaintiff and three corrections officers. In the instant motion, Defendants assert that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff was convicted of custodial assault in connection with the altercation. Defendants also seek dismissal of Plaintiff's claims on qualified immunity grounds. For the reasons discussed below, the Court concludes that Plaintiff's claims are *Heck*-barred and must be dismissed.

## FACTS

Plaintiff Jose Francisco Garcia ("Plaintiff") is an inmate presently housed at the Monroe Correctional Complex in Monroe, Washington. On May 20, 2012, while being held at the Yakima County Jail as a pretrial detainee, Plaintiff was involved in an altercation with several corrections officers. The parties' accounts of the altercation differ substantially.

Plaintiff alleges that the incident began when he summoned for emergency medical assistance using a call button inside his cell. Defendants Nehemia Lewis[1] and Andrew Swan responded approximately five to ten minutes later. Defendant Gregory Chapell unlocked the door to Plaintiff's cell from a control station down

---

[1] Plaintiff erroneously refers to Defendant Nehemiah Lewis as "Lewis Nehemiah" throughout his filings.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 2

1  the hall.  Defendant Lewis then opened the cell door cell, forced his way inside,

2  and immediately began punching Plaintiff in the face and torso.  Defendant Swan

3  entered shortly thereafter and proceeded to spray Plaintiff in the face with pepper

4  spray.  Defendant Swan also shocked Plaintiff with his taser, firing the weapon's

5  probes into Plaintiff's left arm.  Defendants and other officers continued to assault

6  Plaintiff for an unspecified amount of time before eventually restraining him in

7  handcuffs.

8       According to Defendants, the incident began when Plaintiff asked an officer

9  making his scheduled rounds to speak with Defendant Lewis.  A few minutes after

10 being notified of the request, Defendant Lewis approached the front of Plaintiff's

11 cell.  Defendant Lewis attempted to speak with Plaintiff through the closed door,

12 but could not hear what Plaintiff was saying.  Defendant Lewis motioned to

13 Defendant Chappell to unlock the door.  Defendant Lewis then opened the door

14 and asked Plaintiff what he needed.  Plaintiff responded, "You wanna go?"

15 Defendant Lewis asked Plaintiff to clarify what he meant.  Plaintiff said something

16 about corrections officers "messing with" his brother.  He again asked Defendant

17 Lewis, "You wanna go?"

18      Almost immediately, Plaintiff stepped toward the door and began throwing

19 punches at Defendant Lewis.  Defendant Lewis managed to block the first few

20 punches and pushed Plaintiff back inside the cell.  Plaintiff continued to throw

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 3

punches. Defendant Lewis punched back at Plaintiff and eventually managed to wrestle him to the floor. Defendant Swan, who had by that time entered the cell to provide assistance, drew his taser and fired it at Plaintiff in dart mode. At about the same time, corrections officer Garret Goettsch[2] sprayed Plaintiff with pepper spray. Plaintiff continued to struggle and refused repeated orders to put his hands behind his back. Defendant Swan then activated his taser for an additional five seconds. At that point, Plaintiff relented and allowed himself to be handcuffed. Plaintiff was subsequently examined by medical staff and was found to have sustained no serious injuries.

On June 4, 2012, Plaintiff was charged with felony custodial assault by the Yakima County Prosecutor's Office. The case proceeded to trial on February 4, 2013. This trial ended in a mistrial after the jury was unable to reach a unanimous verdict. Plaintiff was tried for a second time on March 13, 2013, and was found guilty of custodial assault. Plaintiff was subsequently sentenced to a prison term of sixty (60) months. To date, his conviction has not been overturned or invalidated.

## DISCUSSION

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is

---

[2] Officer Goettsch is not a party to this lawsuit.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Only evidence which would be admissible at trial may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

**A. *Heck v. Humphrey***

Defendants argue that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), in light of Plaintiff's conviction for custodial assault arising from the same events that form the basis of his present claims. "When a plaintiff

who has been convicted of a crime under state law seeks damages in a § 1983 suit, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487). "If the answer is yes, the suit is barred." *Id.* "*Heck*, in other words, [holds] that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam).

At his jury trial on charges of custodial assault,[3] Plaintiff testified that Defendants Lewis and Swan barged into his cell and started beating him without provocation. ECF No. 66-1 at Tr. 77-81. Plaintiff further testified that he did not strike or otherwise assault any of the involved officers. ECF No. 66-1 at Tr. 90. Defendant Lewis, on the other hand, testified that Plaintiff started punching him without provocation shortly after he opened the door to Plaintiff's cell. ECF No.

---

[3] Custodial assault occurs when an inmate "[a]ssaults a full or part-time staff member . . . at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault." RCW 9A.36.100(1)(b).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

66-1 at Tr. 58-60.  He and several other witnesses also testified that Plaintiff continued to fight with officers as they attempted to restrain him in handcuffs. ECF No. 66-1 at Tr. 21-23, 33-36, 61-65.

In a nutshell, the trial was a credibility contest on the issue of which party launched an unprovoked attacked on the other.  The jury ultimately accepted Defendant Lewis's version of events and convicted Plaintiff of custodial assault. In view of the evidence presented at the criminal trial, a judgment in Plaintiff's favor in the instant case would necessarily imply the invalidity of his custodial assault conviction.  Since Plaintiff was convicted of assaulting a corrections officer who was "performing [his] official duties at the time of the assault," *see* ECF No. 66-1 at Tr. 95, his present claims that Defendants acted unlawfully during the same encounter are barred under *Heck*.  *See Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012) (when lawful performance of an officer's duties is an element of the offense of conviction, *Heck* bars any claims that the officer's actions were unconstitutional).

In reaching this conclusion, the Court notes that this is not a case in which a constitutional violation is alleged to have occurred independently of the conduct for which the plaintiff was convicted.  As explained above, Plaintiff's version of events is that the Defendants barged into his cell and began beating him for no reason whatsoever.  Notably, Plaintiff does not contend that this beating occurred

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

before or after the conduct for which he was convicted of custodial assault. *Cf. Smith v. City of Hemet*, 394 F.3d 689, 695-96 (9th Cir. 2005) (en banc) (explaining that *Heck* does not bar § 1983 claims arising from events that occurred before or after the conduct for which the plaintiff was convicted); *Hooper*, 629 F.3d at 1134 (holding that *Heck* does not apply when "the conviction and the § 1983 claim are based on different actions" during the course of a prolonged encounter). Indeed, Plaintiff denies that he engaged in assaultive behavior of any kind. ECF No. 66-1 at Tr. 90. Nor does Plaintiff contend that Defendants acted unlawfully *in response to* or *as a result of* the conduct for which he was convicted. See *Wilson v. City of Long Beach*, --- F. App'x ---, 2014 WL 1303594 at *1-3 (9th Cir. 2014) (unpublished) (Watford, C.J., dissenting) (explaining that *Heck* does not apply when the defendant is alleged to have acted unconstitutionally *in response* to the conduct for which the plaintiff was criminally convicted; "[a]ny other rule would . . . invite[] the police to inflict any reaction or retribution they choose") (citation omitted). As a result, the Court need not examine whether Plaintiff's claims can survive independently of his custodial assault conviction. Defendants' motion for summary judgment is granted. Plaintiff's claims are dismissed <u>without</u> prejudice. See *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (*Heck*-barred claims must be dismissed without prejudice so that the plaintiff may "reassert his claims if he ever succeeds in invalidating his conviction."); *Ticknor v.*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 8

*Hinsburg*, 481 F. App'x 391, 392 (9th Cir. 2012) (construing judgment as a dismissal without prejudice on appeal of summary judgment ruling).

### B. Qualified Immunity

In view of the foregoing, the Court need not address whether Defendants are entitled to qualified immunity.

### C. Revocation of *In Forma Pauperis* Status

Title 28 United States Code, Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is satisfied when an individual "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff wishes to pursue an appeal, he must pay the requisite filing fee.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 59) is **GRANTED**. All claims and causes of action in this matter are hereby **DISMISSED** <u>without</u> prejudice.

2. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is hereby directed to enter this Order, enter Judgment accordingly, provide copies to counsel and Plaintiff at his address of record, and **CLOSE** the file.

**DATED** April 23, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10